JUDGE BUCHWALD

08 CV 5068

DYKEMA GOSSETT PLLC
By: Richard E. Gottlieb (RG-0574)
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
RGottlieb@dykema.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MATHEW J. TOMBERS, on behalf of himself
and all others similarly situated,

        Plaintiff,

    - against -

INDYMAC BANK, F.S.B.,

        Defendant.

------------------------------------------------------------x



No.

**INDYMAC BANK, F.S.B.'S
NOTICE OF REMOVAL**

Defendant, Indymac Bank, F.S.B. ("Indymac"), submits this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.* for the case entitled *Mathew J. Tombers v. Indymac Bank, F.S.B.*, originally filed in the Supreme Court of the State of New York, County of New York under Index No. 601310/08. In support of removal, Indymac states as follows:

### Nature of Removal, Parties, Jurisdiction and Venue

  1.  Indymac hereby removes this action on the basis of diversity of citizenship and, alternatively, because this case arises under federal law on the basis of complete preemption. This removal is timely within thirty days of service of the complaint. Indymac was provided a copy of the Complaint on May 6, 2008.

  2.  Plaintiff, Mathew J. Tombers ("Plaintiff"), a citizen of New York, filed his Complaint in the Supreme Court of the State of New York, County of New York. The defendant, Indymac, is headquartered in Pasadena, California, and is a citizen of the State of

California.  Moreover, the amount in controversy in this action exceeds $75,000.00 and thus, this action is removed to federal court on diversity jurisdictional grounds, as further discussed below.

3.    The claims in this action are also preempted by federal law.  *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003); 12 U.S.C. §§ 1463(a), 1464(a); 12 C.F.R. § 560.2(b)(5).  In the alternative, there are substantial questions of federal law implicated by Plaintiff's complaint.  This action is also being removed to federal court on such alternate bases, again as discussed below.

4.    Plaintiff's Complaint purports to assert three causes of action against Indymac based on a twenty dollar "Fax/Quote" fee Indymac allegedly charged for providing a mortgage payoff statement to Plaintiff. Complaint ¶¶ 3, 10.  Plaintiff paid the fee at the closing as part of the payoff amount.  *Id.* ¶ 10.  Count I of Plaintiffs' Complaint argues that the charge violates N.Y. Real Prop. Law § 274-a(2)(a).  *Id.* ¶¶ 12-14.  Count II argues that the same charge is "deceptive and misleading" under N.Y. Gen. Bus. Law § 349(a).  *Id.* ¶¶ 15-18.  Finally, Count III argues that Indymac was unjustly enriched when it retained the $20 fee.  *Id.* ¶¶ 19-21.  Plaintiff seeks to certify a class action on behalf of "all mortgagors in New York State who were charged a Fax/Quote fee by defendant IndyMac Bank for providing a payoff statement at any time between April 30, 2002 and the date of filing hereof."  *Id.* ¶ 5.

5.    This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the action is between citizens of different states and the amount in controversy exceeds the sum of value of $75,000, exclusive of interest and costs.  Plaintiff is a resident of New York and defendant Indymac Bank is federal savings bank with its home office in Pasadena, California.  Under HOLA, a federal savings bank is a citizen solely of the state where its home office is located.  12 U.S.C. §§ 1464(x).

6.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff's claims arise exclusively under the Home Owners Loan Act, 12 U.S.C.

§§ 1463(a), 1464(a) ("HOLA"). As a federal savings association, Indymac's actions are governed by HOLA and regulated by the federal Office of Thrift Supervision ("OTS").

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because the action was originally filed in the Supreme Court of the State of New York, County of New York.

**Diversity Jurisdiction**

8.    This Court has diversity jurisdiction over this action because plaintiff is a New York citizen, Indymac is a California citizen, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.    Plaintiff "is and has been a resident of the State of New York at all relevant times." Complaint ¶ 3. Defendant, Indymac, is "headquartered in Pasadena, CA." *Id.* ¶ 4. Under federal law, a federal savings bank is deemed to be a citizen of the state where its home office exists. 12 U.S.C. § 1464(x).

10.    The amount in controversy exceeds $75,000, exclusive of interest and costs. Although plaintiff is challenging a $20 fax fee, the lawsuit demands the return of all of the "illegally charged fees that defendant has charged" every New York resident since 2002 (Complaint ¶ 14), demands the recovery of attorneys' fees (Complaint, *ad damnum*, at 6), seeks a *preliminary and permanent injunction* against such charges in the future, and requests such "other and further relief as the Court deems just and equitable." *Id.* (emphasis added).

11.    The value of Plaintiffs' requested injunctive relief should be considered when determining whether the amount-in-controversy requirement is met. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87-88 (2d Cir. 1991). "Where the plaintiff seeks injunctive relief, the value of his claim is generally assessed with reference to the right he seeks to protect and measured by the extent of the impairment to be prevented by the injunction. In calculating that impairment, the court may look not only at past losses but also at potential harm." *Id.* (citations

omitted).  *See also Maxons Restorations, Inc. v. Newman*, 292 F. Supp. 2d 477, 483 (S.D.N.Y. 2003) ("[T]he value of the suit's intended benefit or the value of the right being affected or the injury being averted constitutes the amount in controversy when damages are not requested.") (citation and quotation marks omitted).

12.    Here, Plaintiff's "intended benefit" is to preliminarily and permanently enjoin Indymac from "charging a fee for providing a mortgage payoff statement."  Complaint, *ad damnum*, at 6. Plaintiff alleges that Indymac charged him twenty dollars for providing him with his mortgage payoff statement.  *Id.* ¶¶ 3, 10.  Indeed, the actual fees charged by Indymac for faxing mortgage payoff statements and/or quotes to all borrowers in the State of New York from January 31, 2006 through December 31, 2007 substantially exceeded $75,000.  *See* Declaration of Susan E. McGovney, ¶ 2, attached as Exhibit A.  Moreover, if Indymac were permanently enjoined from charging a fee for providing a mortgage payoff statement in the future, based on the number of New York based loans currently being serviced by Indymac, the cost to Indymac would substantially exceed $75,000.00 in 2008 and 2009 alone.  *Id.*, ¶ 3.  Therefore, the "extent of the impairment to be prevented by the injunction" exceeds $75,000, and the amount-in-controversy requirement is satisfied as a result of the injunction *alone*.

13.    Furthermore, under Section 349 of the New York General Business Law, the Court is permitted to award punitive damages.  N.Y. Gen. Bus. Law § 349(a).  Collectively, the demands for disgorgement of all fax fees and a permanent injunction, and the potential recovery of both attorneys' fees and punitive damages render the amount in controversy substantially in excess of $75,000.00.  *See In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 755-56 (E.D.N.Y. 2001) (attorneys' fees may be included in amount in controversy where recoverable as of right by statute or contract); *A.F.A. Tours*, 937 F.2d at 87 (punitive damages

included in amount in controversy where controlling law allows for recovery of punitive damages). Thus, the amount in controversy requirement is more than satisfied.

### Federal Question Jurisdiction

14.     In the alternative, this claim also arises under federal law. Under *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003), "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *See also McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.").

15.     The federal Office of Thrift Supervision occupies the entire field of regulation of federal savings associations. 12 C.F.R. § 560.2(a). Among other things, OTS regulations expressly provide that state laws purporting to impose requirements regarding "loan-related fees" are preempted by federal law. 12 C.F.R. § 560.2(b)(5).

16.     Fax fees are "loan-related fees." OTS letter P-2000-6 (attached as <u>Exhibit B</u>) explicitly states that federal law preempts claims for fax fees under N.Y. Real Prop. Law § 274-a(2) because those fees are considered "loan-related fees" under OTS regulations. Therefore, "to the extent § 274-a(2) would prohibit the [entity regulated by the OTS] from charging a borrower for faxing a loan payoff statement requested by the borrower, § 274-a(2) does not apply to the [entity regulated by the OTS]." OTS Letter P-2000-6 at 3.

17.    All three of the claims in Plaintiff's Complaint seek to challenge Indymac's fax

fees (*i.e.,* all address "loan-related fees" under 12 C.F.R. § 560.2(b)(5)), and, therefore, each

claim is preempted by OTS regulations. *See* OTS Letter P-2000-6 at 3; *Moskowitz v. Wash. Mut.*

*Bank*, 768 N.E.2d 262, 264-65 (Ill. App. Ct. 1st Dist. 2002) (dismissing plaintiff's claims as

preempted by OTS regulation where plaintiff claimed that imposition of fax payoff statement fee

violated Illinois deceptive business practices act and constituted breach of contract). *See also*

*Monroig v. Wash. Mut. Bank, FA*, 19 A.D.3d 563, 565 (2d Dep't 2005) (OTS regulation

preempted plaintiff's claims that imposition of yield spread premiums constituted various

common law tort- and contract-based violations, including unjust enrichment).

18.    Therefore, this Court has original jurisdiction over this action because it is

founded on a claim arising under the laws of the United States (28 U.S.C. § 1331), and removal

is proper under 28 U.S.C. § 1441(a).

## Other Requirements

19.    All process, pleadings and orders served upon Indymac are attached as <u>Exhibit C</u>.

20.    A copy of this Notice of Removal is being filed with the Clerk of the Supreme

Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

Dated:  June 2, 2008

DYKEMA GOSSETT PLLC

By:_ s/ Richard E. Gottlieb (RG-0935)
10 South Wacker Drive
Suite 2300
Chicago, Illinois 60606
(312) 876-1700
RGottlieb@dykema.com

REED SMITH LLP

By:_____
       Casey D. Laffey (CL-1483)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
(212) 521-5400
claffey@reedsmith.com

*Attorneys for Defendant Indymac Bank, F.S.B.*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------x
:
MATHEW J. TOMBERS, on behalf of himself        :        No. _____
and all others similarly situated,             :
                                               :
                          Plaintiff,           :        **DECLARATION OF**
                                               :        **SUSAN E. MCGOVNEY**
           - against -                         :
                                               :
INDYMAC BANK, F.S.B.,                           :
                                               :
                          Defendant.           :
--------------------------------------------------------------x

## <u>DECLARATION OF SUSAN E. MCGOVNEY</u>

Susan E. McGovney, under penalty of perjury, states as follows:

1.        I am Senior Vice President, Chief Compliance Officer, at IndyMac Bank, F.S.B. ("Indymac"). I have worked in the field of compliance since approximately 1983 and have been employed by Indymac as its Corporate Compliance Officer for approximately the past twelve years. In my role as Corporate Compliance Officer, and in the course of carrying out my day-to-day duties, I have reviewed the actual fees charged by Indymac for faxing mortgage payoff statements and/or quotes to borrowers in the State of New York from 2006 through the present. I have personal knowledge of the facts set forth in this declaration and, if called to testify, I could and would competently testify to the facts set forth below.

2.        During the time period between January 1, 2006 through December 31, 2007, the fees charged to borrowers in the State of New York by Indymac for providing faxed quote payoff statements substantially exceeded $75,000.00.

3.      If Indymac were precluded from charging the stated fax/quote fee for providing fax/quote payoff statements in the future, it is likely, based on the number of New York based loans currently being serviced by Indymac, that the cost to Indymac would substantially exceed $75,000.00 in 2008 and 2009 alone.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 30, 2008.

Susan E. McGovney

CHICAGO\2455000.1
ID\RLZ

# EXHIBIT B

**Date:** April 21, 2000

**State Law Limiting Payoff Statement Fees**

Federal law preempts the application to a federal savings association of provisions of a New York law that limits the imposition of fees for providing mortgage loan payoff statements.

**Subject:** Home Owners' Loan Act/Savings Association Powers.

**P-2000-6**

**Office of Thrift Supervision**                                    # P-2000-6
Department of the Treasury                                          *Chief Counsel*

1700 G Street, N.W., Washington, DC 20552 • (202) 906-6251

April 21, 2000

[



]

**Re: State Law Limiting Payoff Statement Fees**

Dear [         ]:

This responds to your inquiry submitted on behalf of [                    ] ("Association") located in [                         ]. You request that the Office of Thrift Supervision ("OTS") confirm your conclusion that federal law preempts the application of provisions of a New York law that limits the imposition of fees for providing mortgage loan payoff statements. In brief, we conclude that federal law preempts application of the New York law to the Association.

The Association engages in residential mortgage lending. You indicate that upon request, the Association will prepare and provide its residential mortgage loan borrowers with loan payoff statements showing the balance owed on their mortgage loans, including principal and accrued interest as of a specific date, and the per diem interest charges accruing after such date. If the borrower requests that the payoff statement be prepared and sent by fax, the Association charges a fee of $[  ]; otherwise the Association will prepare and mail the payoff statement to the borrower free of charge.

You have provided us with a copy of § 274-a of the New York Real Property Law.[1] Section 274-a(2) requires that under certain circumstances, the mortgagee of certain residential real property deliver within 30 days of a "bona fide written demand" certain "mortgage-related documents," defined to include a loan payoff statement to an authorized individual.[2] Section 274-a(2) also prohibits the mortgagee from charging

---

[1] N.Y. Real Prop. Law 274-a (Consol. 1999).

[2] Section 274-a(2)(b)(iii) defines "bona fide written demand" as "a written demand made by an authorized individual in connection with a sale or refinancing of the mortgaged property or some other event where the mortgage is reasonably expected to be paid off or assigned." The term "mortgagee" is defined to include banking institutions chartered or licensed by the United States.

2

borrowers for the mortgage-related documents pursuant to an initial request, but a mortgagee "may charge not more than twenty dollars, or such amount as may be fixed by the banking board, for each subsequent payoff statement provided . . . ." (Emphasis added.)

While it is not entirely clear from the face of the statute that it would bar charging for the service of faxing a payoff statement to a borrower,[3] you advised us that a recent New York state court decision indicates that such a charge would be barred. On November 5, 1999, a New York state appellate court found that a borrower who alleged that a mortgagee charged a fax fee to provide a payoff statement to borrower upon an oral request stated a cause of action for violation of §274-a(2).[4] The court allowed the borrower to proceed with a cause of action challenging the imposition of the fee by the lender. You are concerned that the Association might be found liable for its practice and ask whether the limitation on charging fees in §274-a(2) applies to the Association.

OTS regulations are clear that federal law preempts state laws that restrict loan-related fees. Section 560.2(b)(5) expressly provides that state laws purporting to impose requirements regarding loan-related fees are preempted.[5] On numerous prior occasions, the OTS and its predecessor agency have interpreted and applied § 560.2(b)(5) in the context of state laws restricting particular types of fees.[6]

Here, the fee the Association charges for faxing loan payoff statements, at the borrower's request, is a loan-related fee. The Association charges this fee for providing its loan customers the convenience of rapid receipt of a payoff statement containing information concerning all outstanding amounts on, and the payoff value of, their loans.[7] The payoff statement is an integral part of the lending process as it provides the information necessary to satisfy the debt and extinguish the extension of credit.

---

[3] Discussions with a legal representative in the New York Banking Department concerning § 274-a(2) did not clarify the ambiguity.

[4] Negrin v. Norwest Mortgage, Inc., 700 N.Y.S.2d 184 (N.Y. App. Div. 1999).

[5] 12 C.F.R. § 560.2(b)(5) (1999).

[6] See e.g., OTS Op. Chief Counsel (November 22, 1999) (certain ATM-fees); OTS Op. Chief Counsel (March 10, 1999) (fax fees for payoff statements); OTS Op. Chief Counsel (December 24, 1996) (appraisal and credit insurance fees); FHLBB Op. Chief Counsel (June 29, 1988) (late payment charges).

[7] OTS has noted in the past that institutions are not required to provide services free of charge. See OTS Op. Chief Counsel (Nov. 22, 1999) at 10.

3

Therefore, under § 560.2(b)(5), to the extent § 274-a(2) would prohibit the Association from charging a borrower for faxing a loan payoff statement requested by the borrower, § 274-a(2) does not apply to the Association.

In reaching this conclusion, we have relied on the information, representations, and materials you submitted to us in writing and in subsequent conversations with OTS staff, as summarized herein. Any material differences in the facts or circumstances from those described herein could result in different conclusions.

If you have any questions regarding this matter, please contact Teresa A. Scott (Counsel, Banking and Finance) at 202-906-6478.

Very truly yours,

Carolyn J. Buck
Chief Counsel

cc: Regional Directors
    Regional Counsel

# EXHIBIT C

1005304074 - 12096141 ƒ¹ ¹ᵉᵖ

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MATHEW J. TOMBERS, on behalf of himself and all
other persons similarly situated,

                                        Plaintiff,

                    – against –

INDYMAC BANK,

                                        Defendant.

RECEIVED BY
LEGAL DEPARTMENT
UPS
MAY 0 6 2008

Index No.  08- 60/3/0

**SUMMONS**

NEW YORK
COUNTY CLERK'S OFFICE

APR 3 0 2008

NOT COMPARED
WITH COPY FILE

TO:    IndyMac Bank:

                    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to

serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service (or within 30 days after the service is complete if this

summons is not personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for the relief

demanded in the complaint.

                    Plaintiff designates New York County as the place of trial.  The basis of venue is

that defendant transacts business in New York County and that the acts and events giving rise to

the causes of action in the complaint took place in New York County.

Dated:  New York, New York
           April 30, 2008

                                        BERNSTEIN NACKMAN & FEINBERG, LLP

                    By:

                                        Roger J. Bernstein (RB 9501)
                                        233 Broadway, Suite 2701
                                        New York, New York 10279
                                        Telephone:  (212) 748-4800
                                        Facsimile:  (646) 417-7890
                                        rbernstein@bnfcounsel.com

1

GOLDBERG, CORWIN & GREENBERG, LLP
331 Madison Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 986-1000
Facsimile: (212) 986-8039

SHEPHERD, FINKELMAN, MILLER
& SHAH, LLC
35 E. State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883

*Attorneys for Plaintiff and the Class*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MATHEW J. TOMBERS, on behalf of himself and all
other persons similarly situated,

Plaintiff,

– against –

INDYMAC BANK,

Defendant.

Index No.

**CLASS ACTION
COMPLAINT**

NEW YORK
COUNTY CLERKS OFFICE

APR 3 0 2008

NOT COMPARED
WITH COPY FILE

Plaintiff Mathew J. Tombers, by his undersigned attorneys, individually and on behalf of the class of all New York mortgagors who were charged a fee by defendant IndyMac Bank for providing a mortgage payoff statement, alleges as follows:

## NATURE OF THE ACTION

1.     This is a class action on behalf of all New York mortgagors to whom IndyMac Bank has charged a "Fax/Quote" fee for providing a payoff statement when the mortgagors sought to pay off their mortgage balance.

2.     Defendant IndyMac Bank has violated New York law by charging fees for providing mortgage payoff statements.  As a matter of unambiguous New York law, banks are required to provide these statements without charge.  However, to obtain statements showing the amount of their mortgage balance, defendant has required plaintiff and the class to pay a "Fax/Quote" fee that is *prima facie* illegal under New York law.  Defendant, on information and belief, makes hundreds of thousands of dollars by charging illegal fees to tens of thousands of New York mortgagors for providing mortgage payoff statements.

1

## THE PARTIES

3.    Plaintiff, Mathew J. Tombers ("plaintiff" or "Tombers") is and has been a resident of the State of New York at all relevant times.  Plaintiff sold real estate in June of 2005 and received a payoff statement from IndyMac Bank on June 28, 2005 for which IndyMac Bank charged him a "Fax/Quote" fee of $20.00.

4.    Defendant IndyMac Bank ("defendant" or "IndyMac") is a hybrid thrift/mortgage bank headquartered in Pasadena, CA.  IndyMac originates mortgage loans in New York State and elsewhere.  This Court has personal jurisdiction over IndyMac Bank pursuant to CPLR § 302 because defendant conducts business in New York County and has committed tortious acts in New York County.  The amount of damages requested exceeds $25,000.00.

## CLASS ACTION ALLEGATIONS

5.    Plaintiff brings this class action under CPLR § 901(a) on behalf of the following class:  all mortgagors in New York State who were charged a Fax/Quote fee by defendant IndyMac Bank for providing a payoff statement at any time between April 30, 2002 and the date of filing hereof.  The class excludes any officer or director of IndyMac Bank and any person employed by defendant IndyMac Bank.

6.    The class is so numerous that joinder of all members is impracticable.  On information and belief, IndyMac Bank has charged "Fax/Quote" fees to tens of thousands of New York mortgagors for mortgage payoff statements.

7.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members.  These common legal and factual questions include, but are not limited to, the following:

a) Whether defendant has violated NY Real Property Law § 274-a[2](a) by charging New York mortgagors a fee for providing a payoff statement;

b) Whether defendant has violated NY General Business Law § 349 by charging New York mortgagors a fee for providing a payoff statement;

c) Whether defendant has been unjustly enriched by charging New York mortgagors a fee for providing a payoff statement which, by law, defendant is required to provide without charge.

12.    Plaintiff's claims are typical of the claims of the class. Plaintiff's claims arise from conduct of defendant that affects all class members.

13.    Plaintiff will fairly and adequately protect the interests of the class. The interests of plaintiff and members of the class are aligned, not antagonistic. Those interests are to establish the liability of defendant herein and to obtain the relief sought in this action.

8.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class members do not have a substantial interest in individually controlling the prosecution or defense of separate actions. Prosecution of separate actions on behalf of each class member would be impracticable as well as inefficient. Separate litigation concerning the controversy has not to plaintiff's knowledge been commenced against IndyMac Bank by members of the class. Concentrating this litigation in New York State Supreme Court is desirable because all class members reside in New York State, and no unusual difficulties are likely to be encountered in the management of this case as a class action.

## STATEMENT OF FACTS

9.    In June of 2005, plaintiff was the owner of real property located at 2 South End Avenue, Apt. 3K, New York, New York 10280 that was subject to a mortgage held by

3

defendant IndyMac Bank.

10.    On or about June 28, 2005, defendant IndyMac Bank provided to plaintiff (via plaintiff's counsel) a "Payoff Statement" that included a $20.00 "Fax/Quote" fee to be paid by plaintiff to IndyMac at closing as part of the payoff amount.

11.    Plaintiff paid defendant IndyMac Bank this fee at closing as part of the payoff amount required by defendant to satisfy the mortgage balance.

## FIRST CAUSE OF ACTION
## VIOLATION OF NY REAL PROPERTY LAW § 274-A

12.    Plaintiff repeats the allegations of paragraphs 1 through 11 above as though fully set forth herein.

13.    IndyMac Bank has violated NY Real Property Law § 274-a[2](a) by charging New York mortgagors a "Fax/Quote" fee for providing a mortgage payoff statement.

14.    Plaintiff and all members of the class are entitled to the return, with interest, of the illegally charged fees that defendant has charged them in violation of New York Real Property law § 274-1[2].

## SECOND CAUSE OF ACTION
## VIOLATION OF NY GENERAL BUSINESS LAW § 349

15.    Plaintiff repeats the allegations of paragraphs 1 through 11 above as though fully set forth herein.

16.    Defendant has engaged in an act and practice as described herein that is materially deceptive and misleading within the meaning of New York General Business Law Section 349 (a).

17.    Defendant has impliedly represented to the class, including Plaintiff, that its fee for providing a payoff statement is proper and lawful.  Defendant's representation is a

4

deceptive business practice within the meaning of General Business Law § 349.  Defendant, as a regular practice, charged "Fax/Quote" fees for providing a mortgage payoff statement.

18.    As a result of defendant's conduct, plaintiff and the class have been damaged and have suffered damages in the amount of the illegally charged fees for mortgage payoff statements.

**THIRD CAUSE OF ACTION**
**UNJUST ENRICHMENT**

19.    Plaintiff repeats the allegations of paragraphs 1 through 11 above as though fully set forth herein.

20.    Defendant has retained the "Fax/Quote" fees that it has charged plaintiff and the class for mortgage payoff statements.  Defendant has been unjustly enriched by its retention of these illegally obtained fees.

21.    Defendant is required to disgorge to plaintiff and the members of the class all sums that it has illegally charged for providing mortgage payoff statements, including interest earned thereon.

**REQUEST FOR RELIEF**

Plaintiff Tombers, on behalf of himself and all members of the class of New York mortgagors who have obtained mortgage payoff statements from defendant herein, requests that this Court enter judgment against defendant herein as follows:

A.    Declaring this action to be a class action pursuant to CPLR 901;

B.    Awarding plaintiff and class members compensatory damages in an amount equal to the fees charged by defendant for mortgage payoff statements, inclusive of all interest earned thereon;

5

C.    Awarding plaintiff and class members the costs and expenses of this

action, including attorneys' fees;

D.    Preliminarily and permanently enjoining defendant from continuing the

illegal practice of charging a fee for providing a mortgage payoff statement; and

E.    Awarding plaintiff and the class such other and further relief as the Court

deems just and equitable.

Dated: New York, New York
       April 30, 2008

                                    BERNSTEIN MACKMAN & FEINBERG, LLP

                        By:         _____
                                    Roger J. Bernstein (RB 9501)
                                    233 Broadway, Suite 2701
                                    New York, New York 10279
                                    Telephone:  (212) 748-4800
                                    Facsimile:  (646) 417-7890
                                    rbernstein@bnfcounsel.com

                                    GOLDBERG, CORWIN & GREENBERG, LLP
                                    331 Madison Avenue, 15th Floor
                                    New York, New York 10017
                                    Telephone:  (212) 986-1000
                                    Facsimile:  (212) 986-8039

                                    SHEPHERD, FINKELMAN, MILLER
                                    & SHAH, LLC
                                    35 E. State Street
                                    Media, PA 19063
                                    Telephone:  (610) 891-9880
                                    Facsimile:  (610) 891-9883

                                    *Attorneys for Plaintiff and the Class*

6

SUPREME COURT
STATE OF NEW YORK, COUNTY OF NEW YORK          Index No.    08-        Year

---

MATTHEW J. TOMBERS,
On Behalf of herself and all other persons similarly situated,

      Plaintiff,

  -against-

INDYMAC BANK,

      Defendant

---

## SUMMONS AND CLASS ACTION COMPLAINT

---

### BERNSTEIN NACKMAN & FEINBERG LLP

*Attorney(s) for*
**PLAINTIFF AND THE CLASS**
*Office and Post Office Address, Telephone*

**THE WOOLWORTH BUILDING
233 BROADWAY – SUITE 2701
NEW YORK, NEW YORK 10279
212.748.4800**

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

_____
Print name beneath

Service of a copy of the within is hereby admitted.

Dated: _____

---

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY

that the within is a *(certified) true copy of a*
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT

that an order                                                    of which the within is a true copy
will be presented for settlement to the HON.                    one of the judges of the
within named Court, at
on                              at                    M.

Dated,

                          Yours, etc.

STATE OF NEW YORK, COUNTY OF                                    ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification by Attorney    certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's Affirmation    state that I am

the attorney(s) of record for                                    in the within

action; I have read the foregoing                                    and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters

I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

.......................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ Individual Verification    in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except

as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate Verification    the                                    of

a

corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge,

except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This

verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

.......................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                    ss.:    (If more than one box is checked—indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                    I served the within

☐ Service By Mail    by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ Personal Service on Individual    by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served

to be the person mentioned and described in said papers as *a party therein:*

☐ Service by Electronic Means    by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL

at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a

copy to the address set forth after each name.

☐ Overnight Delivery Service    by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name

below.

Sworn to before me on

.......................................................................
The name signed must be printed beneath

UPS CampusShip: Shipment Label

## UPS CampusShip: View/Print Label

1. **Print the label(s):**  Select the Print button on the print dialog box that appears. Note: If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the dotted line.**   Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers without a Daily Pickup**
   - Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.
   - Hand the package to any UPS driver in your area.
   - Take your package to any location of The UPS Store®, UPS Drop Box, UPS Customer Center, UPS Alliances (Office Depot® or Staples®) or Authorized Shipping Outlet near you. Items sent via UPS Return Services℠ (including via Ground) are accepted at Drop Boxes.
   - To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   **Customers with a Daily Pickup**
   - Your driver will pickup your shipment(s) as usual.

FOLD HERE



**Supreme Court of the State of New York**
**New York County Courthouse**
**60 Centre Street**
**New York, New York 10007-1474**

May 20, 2008

0601310/2008          For Plaintiff

CASE OF TOMBERS, MATTHEW J.
          V  INDYMAC BANK

**Preliminary Conference:** The conference will be held before the **Hon. Joan Madden,**
**Part 11, on June 12, 2008, at 9:45 a.m.,** 60 Centre St., New York, N.Y., room 351.

ONLY COUNSEL FULLY FAMILIAR WITH AND AUTHORIZED TO SETTLE, STIPULATE,
OR DISPOSE OF ACTIONS SHALL APPEAR AT THE CONFERENCE.

**PLEASE NOTE: THIS PART PARTICIPATES IN THE COURT'S ELECTRONIC FILING PROGRAM.
COUNSEL WHO APPEAR FOR ANY PRELIMINARY CONFERENCE IN THIS PART MUST BE
PREPARED TO DISCUSS ELECTRONIC FILING AND HAVE THE AUTHORITY TO SIGN.**

**Mandatory Notification:** The party who receives a copy of this notice shall transmit a copy to
counsel for all parties who have appeared in the case and to all self-represented litigants by mail
or electronics means and bring proof of such notification to said conference.

Additionally, (if applicable depending on the type of action and) if not previously furnished, the
following shall be provided in accordance with the deadlines set forth below.
          (1) **Bill of Particulars/Interrogatories:** A demand shall be served by **June 4, 2008.**
               A bill(s) shall be served by **June 11, 2008.**
          (2) **Insurance Information:** All parties shall exchange insurance and coverage information
               by **June 18, 2008.**
          (3) **Authorization:** Authorization for medcial records and for employment records for two
               years prior to the accident shall be served by **June 18, 2008** .

**Failure to comply with the terms of this notice may result in the imposition of sanctions!**
**NO ADJOURNMENTS WILL BE GRANTED WITHOUT PRIOR**
**AUTHORIZATION BY THE COURT**

If the matter has been resolved, complete the appropiate section below and return within five days
by fax to the Trial Support Office; Att: at (212) 374-3282 or email to Michael Petrone at
MPetrone@courts.state.ny.us

If you or your firm are no longer the attorneys of record, fax the documents reflecting the change including
the name of the substitute attorney or firm.
          THIS MATTER HAS BEEN RESOLVED IN THE FOLLOWING MANNER:

_____

SIGNATURE: _____For Plaintiff

PRINT NAME: _____ (PURSUANT TO[22 NYCRR]-130-1.1)

FAX: _____     E-MAIL ADDRESS: _____