# BERNSTEIN, NACKMAN & FEINBERG, LLP
ATTORNEYS AT LAW

THE WOOLWORTH BUILDING
233 BROADWAY, SUITE 2701
NEW YORK, NEW YORK 10279

TELEPHONE: (212) 748-4800
TELECOPIER: (646) 417-7890
E-MAIL: rbernstein@bnfcounsel.com

June 5, 2008

*By Telecopier to 212 805 7927 & ECF*
The Hon. Naomi R. Buchwald
United States District Court for the Southern
  District of New York
500 Pearl Street, Room 2270
New York, NY 10007

    Re:    <u>Tombers v. IndyMac Bank, F.S.B., 08 Civ. 5068 (NRB) (JCF)</u>
            (NY Cty. S. Ct. Index No. 601310/08)

Dear Judge Buchwald::

      We represent plaintiff. We submit the following matters in opposition to defendant's letter-request of June 4, 2008 for an adjournment of time to answer or move with respect to the complaint. We also request a pre-motion conference with respect to the issue of lack of federal subject matter jurisdiction.

<u>I.</u>

      Although ¶ 1(E) of the Court's Individual Rules of Practice so requires, defendant did not advise the Court of the reason given to its counsel for not consenting to an otherwise routine adjournment: defendant failed to answer the complaint within the time required under state law. As set forth in plaintiff's pending Notice of Motion for Order of Default, defendant was served at its New York City office on May 5, 2008. Under New York law its answer or motion was due on May 27, 2008. No response was filed then or in the following week; nor was an extension requested. Plaintiff therefore served this motion. Plaintiff cannot consent to an adjournment now without vitiating this pending motion which, of course, is now is before this Court. (A copy of the motion, without exhibits other than Exhibit B due to the page limitations for faxes, is attached.)

The Hon. Naomi R. Buchwald
June 5, 2008 - Page 2

       In light of the above facts, there is no apparent basis for defendant's stated belief that its time to respond to the complaint will not expire until June 9, 2008. The time for defendant to answer has already expired, a motion for default is pending, and the issues pertaining thereto cannot be adjudicated simply by means of granting an adjournment based upon a letter-request.

       However, we also believe that the issue of lack of federal jurisdiction must be briefed and addressed first, as in the absence of jurisdiction the federal court cannot adjudicate other issues or motions such as the pre-emption defense that defendant wishes to present by means of its contemplated motion to dismiss. American Standard, Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007). Therefore, plaintiff would not object if the Court can fashion an order that effectively "stops the clock" on consideration of non-jurisdictional issues while the issue of federal jurisdiction is first addressed. This will permit consideration by the state court on remand (or by this Court if the case is not remanded) of the default issue.

II.

       Defendant advances two theories of federal jurisdiction in support of removal: diversity of citizenship under 28 U.S.C. § 1332(a) and federal question jurisdiction under 28 U.S.C. § 1331 on a theory of "complete pre-emption". Neither theory is viable. Accordingly, plaintiff anticipates filing a motion for remand and payment of just costs pursuant to 28 U.S.C. § 1447©.

       Diversity of citizenship is not available under 28 U.S.C. § 1332(a) because the amount in controversy does not exceed $75,000. Although this is a class action complaint, for diversity jurisdiction under 28 U.S.C. § 1332(a) the claim of the individual plaintiff who is the proposed class representative must still exceed $75,000. Kings Choice Neckwear, Inc. v. DHL Airways, Inc., 2003 U.S. Dist. LEXIS 17507 at *12 (S.D.N.Y 2003). The named plaintiff's claim patently does not meet this threshold – the claim is for $20.00. Although defendant cites a potential for punitive damages, plaintiff's complaint does not demand punitive damages, and even if it did the amount would not be likely to meet the jurisdictional threshold. The value to individual class members of the injunctive relief sought is also far below $75,000, and contrary to defendant's view it is the value of injunctive relief to the individual plaintiffs that is determinative in this Circuit. See cases cited in *id*. at *13-16. Moreover, since this is a state court class action the issue of removal must be analyzed under 28 U.S.C. § 1332(d)

The Hon. Naomi R. Buchwald
June 5, 2008 - Page 3

(the "Class Action Fairness Act of 2005"). Under this legislation, the threshold requirement for federal jurisdiction over a removed state court class action is an amount in controversy of $5,000,000 – an amount that defendant does not even allege is present.

Nor is federal question jurisdiction available in this case merely because defendant wishes to argue that the state law claims herein are pre-empted by federal regulations. The general rule is that a federal defense to a state law claim does not create federal court jurisdiction under 28 U.S.C. § 1331, even where the defense is pre-emption by federal law. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430 (1987) ("it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original; citation omitted). Defendant attempts to invoke the narrow exception to this doctrine, identified as "complete pre-emption", that exists in three other areas where Congress has explicitly provided a parallel federal remedy that displaces a state law cause of action. However, there is no parallel federal remedy in a case, such as this, that involves a prohibition against bank fax fees. The "complete pre-emption" exception to the rule against removal based on a federal pre-emption defense has authoritatively been held not to apply to cases such as this one which allege that a bank has charged fax fees that violate New York state law. Jacobs v. ABN-Amro Bank N.V., 2004 U.S. Dist. LEXIS 6888 (E.D.N.Y 2004). See also Kings Choice Neckwear, *supra,* at *5-8 (analysis of "complete pre-emption" doctrine).

The foregoing is a brief summary of the applicable law. We anticipate addressing the absence of federal jurisdiction at greater length in our memorandum of law in support of the Section 1447(c) motion for remand.

                Respectfully submitted,

                Roger J. Bernstein

Attachment
cc.    Casey D. Laffey, Esq. (by e-mail)
       Renée Zipprich, Esq. (by e-mail)
       *CoCounsel for Defendant*

SUPREME COURT, STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X
MATHEW J. TOMBERS, on behalf of himself
 and all other persons similarly situated,

                        Index No.  601310/2008

              Plaintiff,

   – against –                      **NOTICE OF MOTION**
                                               **FOR ORDER OF DEFAULT**
INDYMAC BANK,
              Defendant.
----------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that, upon the Affirmation of Roger J. Bernstein dated June 2, 2008, together with the exhibits annexed hereto, Plaintiff Matthew Tombers will move this Court at Room 130, 60 Centre Street, New York, New York, on the 18th day of June, 2008, at 9:30 A.M. or as soon thereafter as counsel can be heard, for an Order of Default against defendant IndyMac Bank pursuant to CPLR § 3215(a).

       This is an action for violation of the New York Real Property Law § 274-a[2](a), violation of the New York General Business Law § 349, and unjust enrichment.

       **PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR 2214(b) defendant's opposing affidavit(s) and an answering memorandum of law, if any, as well as any cross-motion by defendant, must be served upon the undersigned no later than seven days prior to the return date hereof.

Dated:  New York, New York
      June 2, 2008

                                                 BERNSTEIN NACKMAN &
                                                 FEINBERG, LLP

                         By:   _____
                                  Roger J. Bernstein (RB 9501)
                                  233 Broadway, Suite 2701
                                  New York, New York 10279

Telephone:  (212) 748-4800
Facsimile:   (646) 417-7890
rbernstein@bnfcounsel.com

GOLDBERG, CORWIN & GREENBERG, LLP
331 Madison Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 986-1000
Facsimile:  (212) 986-8039

SHEPHERD, FINKELMAN, MILLER & SHAH, LLC
35 E. State Street
Media, PA 19063
Telephone:  (610) 891-9880
Facsimile:   (610) 891-9883

*Attorneys for Plaintiff and the Class*

SUPREME COURT, STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
MATHEW J. TOMBERS, on behalf of himself
and all other persons similarly situated,

                                                    Index No.  601310/2008

                          Plaintiff,

       – against –                        **AFFIRMATION**
                                                    **OF ROGER J.  BERNSTEIN**

INDYMAC BANK,

                          Defendant.
-----------------------------------------------------------------X

       **ROGER J. BERNSTEIN**, an attorney admitted to practice law before the courts of this State, affirms under penalty of perjury as follows:

       1.      I am one of the attorneys for plaintiff in the above-captioned case.  I submit this Affirmation to supply exhibits to the Court in further support of Plaintiff's Motion for an Order of Default.

       2.      The complaint in this case (Exhibit A) was filed on April 30, 2008.  As shown by the affidavit of the process server (Exhibit B), it was served on defendant at its New York City office on May 5, 2008.  Defendant's appearance and answer to the complaint were due twenty days *post*, on May 25, 2008.  Since May 25, 2008 was a Sunday and May 26, 2008 was a holiday, defendant's appearance and answer were due on May 27, 2008.

       3.      Defendant IndyMac Bank did not serve an answer on May 27, 2008, and, as of the date hereof, which is nearly a week after defendant's answer was due, it has failed to appear and has failed to serve an answer or move with respect to the complaint.  In short, defendant is in default.  No request has been made for an extension of time to answer.

       4.      This is a class action complaint for violation of New York statutes concerning fees for mortgage pay-off statements.  The complaint alleges that the

"Fax/Quote" fee charged by defendant IndyMac Bank for mortgage payoff statements violates New York Real Property Law § 274-a[2](a), violation of the New York General Business Law § 349.  An example of an IndyMac payoff statement charging the prohibited "Fax/Quote" fee is attached as Exhibit C.  Plaintiff submits that the claim is highly meritorious since New York statutes prohibit such fees as a matter of law.

     5.    Plaintiff respectfully moves the Court to enter a default against Defendant IndyMac Bank as to liability, and to order an Inquest at which the size of the class and the amount of damages to plaintiff and the class from defendant's illegal fee may be determined.

Dated: New York, NY
      June 2, 2008

                                                                            _____

                                                                            Roger J.  Bernstein