**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                :
MATHEW J. TOMBERS, on behalf of himself    :    No. 08 Civ. 5068 (NRB) (JCF)
and all others similarly situated,                         :
                                                                :    **THE FEDERAL DEPOSIT**
                          Plaintiff,                          :    **INSURANCE CORPORATION'S**
                                                                :    **SUPPLEMENT TO INDYMAC'S**
                                                                :    <u>**NOTICE OF REMOVAL**</u>
                                                                :
         - against -                                       :
                                                                :
THE FEDERAL DEPOSIT INSURANCE    :
CORPORATION, as Receiver for             :
INDYMAC BANK, F.S.B.,                          :
                                                                :
                          Defendant.                      :
-----------------------------------------------------------------x

  Pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441, the Federal Deposit Insurance Corporation (the "FDIC"), as the duly appointed Receiver for defendant, Indymac Bank, F.S.B. ("Indymac"), hereby incorporates by reference Indymac's original Notice of Removal [DE 2] and, as supplemental grounds for removal and for maintaining this action in federal court, states as follows:

  1. On June 3, 2008, Indymac filed its Notice of Removal of this action on the basis of diversity of citizenship and, alternatively, because this case arises under federal law on the basis of complete preemption. [DE 1].

  2. On July 11, 2008, the Office of Thrift Supervision closed Indymac and duly appointed the FDIC as Receiver. *See* Office of Thrift Supervision Order No. 2008-24 appointing FDIC as Receiver (attached as Ex. A).

  3. On August 1, 2008, the FDIC filed its Motion to Substitute and Stay, in which the FDIC sought to substitute for Indymac as the real party in interest. [DE 13].

4. On August 12, 2008, this Court granted the FDIC's Motion to Substitute and Stay, substituting the FDIC for Indymac as the real party in interest. Order at 2 (Aug. 12, 2008) (attached as Ex. B).

## Additional Grounds

5. Pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A), there is federal question jurisdiction in this action for the *additional* reason that any civil suit in which the FDIC, in any capacity, is a party is deemed to arise under federal law. *See also Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995); *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993).

6. A case arising under federal law may properly be removed to federal court under 28 U.S.C. § 1441(b), provides in relevant part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

7. Further, consistent with Section 1441(b), the FDIC has an independent statutory right to remove cases in which it is a party, pursuant to 12 U.S.C. § 1819(b)(2)(B), which states:

> (B) Removal Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

8. A federal court has subject matter jurisdiction over a matter in which the FDIC has properly been inserted as a party, regardless of whether diversity or federal question jurisdiction existed at the time the suit was filed. *See King v. Crossland Sav. Bank*, 111 F.3d 251, 256 (2d Cir. 1997); *Farina v. Mission Inv. Trust*, 615 F.2d 1068, 1074-75 (5th Cir. 1980); *see also Mizuna, Ltd.*

*v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996) ("[T]he jurisdictional grant in § 1819(b)(2)(A-B) falls within the ambit of cases where the whole purpose of the congressional legislative program . . . requires the availability of federal jurisdiction . . . .") (citation and quotation marks omitted).

9. It is likewise inconsequential that the initial removal took place before the FDIC became a party to these proceedings. *See, e.g., Heafitz v. Interfirst Bank of Dallas*, 711 F. Supp. 92, 95 n. 3 (S.D.N.Y. 1989) ("it would be senseless to remand a case back to state court in order to have the FDIC formally substituted as defendant, only to have the case again removed to federal court."); *FDIC v. Levitas*, Nos. 91 Civ. 5934 (LMM), 91 Civ. 5935 (LMM), 1992 U.S. Dist. LEXIS 19856, at *1 (S.D.N.Y. Dec. 29, 1992) (denying motion to remand where, "even though [the FDIC] had not formally been substituted [as receiver] for [the failed bank], or intervened, in the state court actions, [the FDIC] nevertheless properly removed those actions") (Ex. C). Because the FDIC is now a party to this action, there is federal question jurisdiction in these proceedings and the case should not be remanded to state court.

10. The instant Supplemental Notice of Removal is being brought within the 90-day period from the date the FDIC was substituted as a party in this action.

11. A copy of this Supplement to Indymac's Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

Dated: September 4, 2008　　　　　　　　Respectfully submitted,

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for INDYMAC BANK, F.S.B.**

By: <u>s/ Richard E. Gottlieb</u>
Richard E. Gottlieb (rgottlieb@dykema.com)
**DYKEMA GOSSETT PLLC**
10 South Wacker Drive, Suite 2300
Chicago, IL 60606
Phone: 312-876-1700
Fax:    312-627-2302

Casey D. Laffey (CL-1483)
**REED SMITH LLP**
599 Lexington Avenue, 22nd Floor
New York, NY 10022
(212) 521-5400
claffey@reedsmith.com

4

## CERTIFICATE OF SERVICE

I, Richard E. Gottlieb, am an attorney admitted to practice before this Court, and hereby certify that:

1. On September 4, 2008, I caused a true and correct copy of Defendant Federal Deposit Insurance Corporation's Supplement to Indymac's Notice of Removal to be electronically filed in the United States District Court for the Southern District of New York, thereby causing same to be electronically submitted to Plaintiff's counsel.

2. In addition, on September 4, 2008, the foregoing filing was served upon counsel for Plaintiff via e-mail.

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/
Richard E. Gottlieb (RG-0935)

Dated: September 4, 2008

# EXHIBIT A

## OFFICE OF THRIFT SUPERVISION

### Pass-Through Receivership Of A Federal Savings Association Into A De Novo Federal Savings Association That is Placed Into Conservatorship With the FDIC

Date: July //, 2008

Order No.: 2008-24

The Director of the Office of Thrift Supervision ("OTS"), or his designee, in cooperation with the Federal Deposit Insurance Corporation ("FDIC"), has determined: (1) to appoint the FDIC as receiver for the savings association specified below ("OLD THRIFT"); (2) to approve the FDIC's request for the issuance of a new federal mutual savings association charter ("NEW THRIFT") as a successor to OLD THRIFT; (3) to approve the transfer of such assets and liabilities of OLD THRIFT to its successor NEW THRIFT, as the FDIC has determined to be appropriate; and (4) to appoint the FDIC as conservator of NEW THRIFT. Collectively, numbers 2 through 4 of the foregoing are referred to herein as the "APPLICATIONS."

"OLD THRIFT," refers to:

| Name | Location | OTS No. |
|---|---|---|
| IndyMac Bank, F.S.B. | Pasadena, California. | 03970 |

### I. GROUNDS FOR ACTIONS TAKEN IN THIS ORDER:

### RECEIVERSHIP; GROUNDS FOR APPOINTMENT OF FDIC AS RECEIVER FOR OLD THRIFT

The Director, or his designee, based upon the administrative record finds and determines that:

OLD THRIFT has insufficient cash and liquid assets convertible to cash necessary to pay the expected withdrawal demands of its depositors. OLD THRIFT has suffered significant deposit outflows, exceeding $1 billion since June 26, 2008, in part because of adverse publicity. Further, because OLD THRIFT is not well capitalized, it cannot renew its large volume of brokered deposits, which will create an additional deposit outflow. In addition, OLD THRIFT has limited and diminishing liquidity sources available to it. There has been significant disruption in the markets for the types of assets, mortgage backed securities and mortgage servicing rights, held by OLD THRIFT. Therefore, those

assets that are not already subject to liens may not be marketable or only can be sold at prices that would result in OLD THRIFT failing to meet its capital requirements. Moreover, OLD THRIFT's mortgage servicing rights are the major source of OLD THRIFT's current earnings. In addition, the consequences of OLD THRIFT's top-tier holding company's July 7, 2008 public disclosure of adverse information, and the curtailment of forward mortgage lending and resulting downsizing, place OLD THRIFT in a precarious position and OLD THRIFT has been unable to find anyone who is willing and able to invest sufficient capital to alleviate its problems.

OLD THRIFT has suffered losses amounting to approximately $842 million from the third quarter of 2007 to the first quarter of 2008 and projects to report another $354 million loss for the second quarter of 2008. OLD THRIFT is in an unsafe and unsound condition as a result of its severe liquidity strain, deteriorating asset quality, continuing significant negative operating earnings, and declining capital with no realistic prospects for raising capital to ensure that it can repay all of its liabilities, including deposits.

OLD THRIFT has been unsuccessful in its attempts to find investors who are willing and able to recapitalize OLD THRIFT, given OLD THRIFT's current financial condition, ongoing deposit outflows, lack of liquidity, and continued asset quality deterioration. Further, OLD THRIFT projected that it would be undercapitalized as of June 30, 2008. In addition to other asset write-down's which OLD Thrift should be taking, OLD THRIFT is likely to be unable to meet its depositors' demands and other obligations in the normal course of business, and therefore, OLD THRIFT should immediately recognize additional losses on assets held for sale. The losses OLD THRIFT should recognize will result in OLD THRIFT being classified as undercapitalized. Moreover, because efforts to raise capital have proven unsuccessful, there is no reasonable prospect of OLD THRIFT becoming adequately capitalized without Federal assistance.

Therefore, the Director, or his designee, has concluded that:

(a) OLD THRIFT is likely to be unable to pay its obligations or meet its depositors' demands in the normal course of business because it does not have sufficient liquid assets to fund expected withdrawals;

(b) OLD THRIFT is in an unsafe and unsound condition to transact business due to its lack of capital and its illiquid condition;

(c) OLD THRIFT is undercapitalized as defined in section 38(b) of the FDIA, and has no reasonable prospect of becoming adequately capitalized as defined in section 38(b) of the FDIA.

The Director, or his designee, therefore, has determined that grounds for the appointment of a receiver for OLD THRIFT exist under section 5(d)(2) of the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1464(d)(2) and section 11(c)(5) of the FDIA, 12 U.S.C. § 1821(c)(5).

## TRANSFER INTO A NEW FEDERAL CHARTER:
## GROUNDS FOR ISSUANCE OF NEW FEDERAL CHARTER AND
## APPROVAL OF TRANSFER OF ASSETS AND LIABILITIES OF
## OLD THRIFT TO NEW THRIFT

The FDIC, as receiver of OLD THRIFT, has applied for authority to organize a new Federal mutual savings association, NEW THRIFT, that is to take over such assets and such liabilities of OLD THRIFT as the FDIC has determined to be appropriate, pursuant to section 11(d)(2)(F)(i) of the FDIA, 12 U.S.C. §1821(d)(2)(F)(i). The FDIC would insure the accounts of NEW THRIFT.

The Director, or his designee: (i) has considered the factors set forth in section 5(e) of HOLA, 12 U.S.C. § 1464(e), with regard to granting a new federal savings association charter, has determined that the charter should be issued, that NEW THRIFT is authorized to transact business as a savings association, and that the charter and bylaws to be issued for NEW THRIFT are in a form consistent with the material provisions of the applicable regulations; and (ii) has considered the factors set forth in section 18(c) of the FDIA, 12 U.S.C. § 1828(c), and 12 C.F.R. § 563.22 with respect to the acquisition of certain assets and assumption of certain liabilities of OLD THRIFT by NEW THRIFT. Immediate action is necessary given the seriously adverse financial condition of OLD THRIFT and in order to permit NEW THRIFT to acquire certain assets and assume certain liabilities of OLD THRIFT and continue to serve OLD THRIFT's community and customers.

For the foregoing reasons, the Director, or his designee, has determined that, pursuant to 12 C.F.R. §§ 563.22 (e) and 543.7-1, public notice of the APPLICATIONS shall not be required. In addition, the Director, or his designee, finds that OTS must act immediately in order to prevent the probable default of OLD THRIFT. Therefore, the publication of notice required by section 18(c)(3) of the FDIA, the reports on the competitive factors of the acquisition required by section 18(c)(4) of the FDIA, and the delayed consummation required by section 18(c)(6) of the FDIA, shall be dispensed with. Accordingly, NEW THRIFT may immediately acquire the assets and assume the liabilities determined to be appropriate by the FDIC.

## CONSERVATORSHIP:

## GROUNDS FOR APPOINTMENT OF FDIC AS
## CONSERVATOR FOR NEW THRIFT

The FDIC has indicated that, immediately upon the completion of the organization of NEW THRIFT (which will be federally chartered) and completion of the transfer of the aforesaid assets and liabilities of OLD THRIFT to NEW THRIFT, it will, in the exercise of its authority to act as the board of directors of NEW THRIFT pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B), consent to the OTS

appointing the FDIC as conservator for NEW THRIFT. Moreover, NEW THRIFT will have virtually the same capital and liquidity as OLD THRIFT had immediately prior to the appointment of a receiver for OLD THRIFT and, therefore, the grounds set forth in Section I above for appointment of the receiver for OLD THRIFT, are also applicable as grounds for the appointment of a conservator for NEW THRIFT.

## II. ACTIONS ORDERED OR APPROVED:

### APPOINTMENT OF A RECEIVER

The Director, or his designee, hereby appoints the FDIC as receiver for OLD THRIFT, for the purpose of liquidation, pursuant to section 5(d)(2) of HOLA, 12 U.S.C. §1464(d)(2), and section 11(c)(6)(B) of the FDIA, 12 U.S.C. § 1821(c)(6)(B).

### ISSUANCE OF A FEDERAL CHARTER AND APPROVAL OF THE PASS-THROUGH OF ASSETS AND LIABILITIES

The Director, or his designee, hereby approves: (1) the application of the FDIC to organize NEW THRIFT as a federal mutual savings association (and hereby authorizes the issuance of an appropriate charter and bylaws for NEW THRIFT in form and content approved by the Chief Counsel's Office); (2) the transfer of such assets and liabilities of OLD THRIFT to its successor, NEW THRIFT, as the FDIC has determined to be appropriate; and (3) the retention of the home and branch offices of OLD THRIFT by its successor, NEW THRIFT. Prior to the appointment or election of a board of directors for NEW THRIFT, the FDIC may, in addition to any other powers granted by applicable law, exercise the powers of the board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

### APPOINTMENT OF A CONSERVATOR FOR NEW THRIFT

The Director, or his designee, hereby appoints the FDIC as conservator for NEW THRIFT pursuant to sections 5(d)(2)(A) and (E) of the HOLA, 12 U.S.C. §§ 1464(d)(2)(A), 1464(d)(2)(E), effective upon receipt of the consent of NEW THRIFT to such appointment. That consent must be contained in a resolution of its board of directors issued by the FDIC in exercise of its power, as the organizer of NEW THRIFT, to act as its interim board of directors pursuant to section 11(d)(2)(B) of the FDIA, 12 U.S.C. § 1821(d)(2)(B).

5          **OTS ORDER No.: 2008-24**

## DELEGATION OF AUTHORITY TO ACT FOR OTS

The Director, or his designee, hereby authorizes the OTS West Region Director, or his designee, and the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to: (1) certify orders; (2) sign, execute, attest or certify other documents of OTS issued or authorized by this Order; (3) designate the person or entity that will give notice of the appointment of a receiver for OLD THRIFT and serve OLD THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; (4) designate the person or entity that will give notice of the appointment of a conservator for NEW THRIFT and serve NEW THRIFT with a copy of this Order pursuant to 12 C.F.R. § 558.2; and (5) perform such other functions of OTS necessary or appropriate for implementation of this Order. All documents to be issued under the authority of this Order must be first approved, in form and content, by the Chief Counsel's Office. In addition, the Director, or his designee, hereby authorizes the Deputy Chief Counsel for the Business Transactions Division of the Chief Counsel's office, or his designee, to make any subsequent technical corrections, that might be necessary, to this Order or any documents issued under the authority of this Order.

By Order of the Director of OTS, effective July _11_, 2008.

_____
John M. Reich
Director

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

MATHEW J. TOMBERS, on behalf of
himself and all others similarly
situated,

                        Plaintiff,

      - v -

INDYMAC BANK, F.S.B.,

                        Defendants.

------------------------------------X



**ORDER**

08 Civ. 5068 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    **WHEREAS** this action was initiated in the Supreme Court of the State of New York, County of New York; and

    **WHEREAS** on June 3, 2008, defendant Indymac Bank F.S.B. ("Indymac") filed a notice of removal; and

    **WHEREAS** on June 30, 2008, plaintiff filed a motion to remand to state court for lack of federal jurisdiction; and

    **WHEREAS** the Court had ordered that Indymac's opposition to plaintiff's motion to remand, along with its motion to dismiss, be due on July 17, 2008; and

    **WHEREAS** on July 17, 2008, after being informed that Indymac had been closed by the Office of Thrift Supervision and that the Federal Deposit Insurance Corporation (the "FDIC") had been appointed receiver of Indymac, the Court granted an extension on

the briefing schedule for the above motions, making Indymac's opposition due August 1, 2008; and

**WHEREAS** on August 1, 2008, counsel for the FDIC moved to substitute itself for Indymac as the real party in interest and requested a 90-day stay; and

**WHEREAS** Section 1821(d)(12) of the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d)(12), provides that the FDIC is entitled to a stay of up to 90 days of any civil action or legal proceeding to which an insured depository institution, in receivership, has become a party; and

**WHEREAS** the action already has been effectively stayed for 24 days from July 17, 2008, when "by instruction of the FDIC," counsel for Indymac requested, and the Court granted, an extension of the briefing schedule, it is hereby

**ORDERED** that the FDIC's motion to substitute itself for Indymac as the real party in interest is granted; and it is further

**ORDERED** that the case be recaptioned accordingly; and it is further

**ORDERED** that the case be stayed until October 15, 2008, that the FDIC's opposition to plaintiff's motion to remand is due November 5, 2008, and that plaintiff's reply is due November 19, 2008.

Dated:   New York, New York
         August 11, 2008

                                      NAOMI REICE BUCHWALD
                                      UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

**Attorney for Plaintiff**
Roger J. Bernstein, Esq.
Bernstein Nackman & Feinberg, LLP
233 Broadway, Suite 2701
New York NY 10279

**Attorneys for Indymac Bank F.S.B. and FDIC**
Richard E. Gottlieb
Renee L. Zipprich, Esq.
Dykema Gossett PLLC
10 South Wacker Drive, Suite 2300
Chicago, IL 60606

Casey D. Laffey, Esq.
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022

# EXHIBIT C

LEXSEE 1992 U.S. DIST. LEXIS 19856


Analysis
As of: Sep 04, 2008

**FEDERAL DEPOSIT INSURANCE CORPORATION ("FDIC") as Receiver of Citytrust, Plaintiff, v. ROBERT A. LEVITAS and T. JOHN FOLKS, II, Defendants. CITYTRUST, Plaintiff, v. LLOYD REALTY ASSOCIATES, BURTON A. GOLDBERG, JOSHUA L. GOLDBERG, L. GOLDBERG, THE PEOPLE OF THE CITY OF NEW YORK, THE PEOPLE OF THE STATE OF NEW YORK, and JOHN DOES 1-100, the last names being fictitious and intended for persons or corporations having or claiming to have any interest in the premises affected herein, including lienholders, tenants or occupants, if any, the identity of same being unknown to Plaintiff, Defendants.**

**91 Civ. 5934 (LMM), 91 Civ. 5935 (LMM)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*1992 U.S. Dist. LEXIS 19856*

**December 29, 1992, Decided
December 29, 1992, Filed**

**JUDGES:** [*1] McKENNA

**OPINION BY:** LAWRENCE M. McKENNA

**OPINION**

*MEMORANDUM AND ORDER*

McKENNA, D.J.

1. The motion of the Federal Deposit Insurance Corporation ("FDIC") in 91 Civ. 5935 to substitute itself, as receiver of Citytrust, as plaintiff is granted. (Such a motion has already been granted in 91 Civ. 5934.)

2. The motions of defendants in 91 Civ. 5934 and 91 Civ. 5935 to remand these moved actions are denied. The FDIC, even though it had not formally been substituted for Citytrust, or intervened, in the state court actions, nevertheless properly removed those actions. *See Farina v. Mission Investment Trust, 615 F.2d 1068, 1074-75 (5th Cir. 1980)*; *Heafitz v. Interfirst Bank of Dallas, 711 F. Supp. 92, 95 n.3 (S.D.N.Y. 1989)*. The exception to the provisions of *12 U.S.C. § 1819* giving federal district courts federal question subject matter jurisdiction over actions to which the FDIC "in any capacity" is a party, and giving the FDIC the right to remove, does not apply: defendants have not shown that these actions involve "the preclosing rights against the State insured depository institution, or obligations owing to, depositors, [*2] creditors, or stockholders by the State insured depository institution." *12 U.S.C. §§ 1819(b)(2)(D)(ii) (1988 & Supp. 1992)*.

3. Nothing contained in this Memorandum and Order is meant to preclude the offer of evidence that the FDIC does not have an interest in the instruments upon which it sues.

4. The parties will complete discovery in 91 Civ. 5935 not later than May 31, 1993.

5. Defendants in 91 Civ. 5934 will respond to plaintiff's motion for summary judgment within 21 days of the date of this Memorandum and Order, plaintiff to have 10 days to reply. See Memorandum and Order dated November 17, 1992.

Dated: New York, New York

December 29, 1992

SO ORDERED.

1992 U.S. Dist. LEXIS 19856, *

LAWRENCE M. McKENNA                                  U.S.D.J.